Andrews, J.
— In my opinion it is not necessary, as a condition to the granting an order of arrest, pursuant to subdivision 4 of section 549 of the Code of Civil Procedure, that a complaint should be submitted to the court or justice granting such order, nor that the contents of the complaint should be stated in an affidavit, nor that any complaint should be in existence at the time such order is granted.
Sections 549 and 550 enumerate and define the “ cases,” that is, the classes of actions in which a defendant may be arrested, but do not attempt to prescribe the papers upon which the order may be made. The latter matter is dealt with in section 557, which provides as follows: The order may be granted in a case specified in section 549 of this act, where it appears, by the affidavit of the plaintiff or any other person, that a sufficient cause of action exists against the defendant, as prescribed in that section.
Where the application is made under subdivision 4 of section 549, the affidavit must show that the action is on contract, express or implied, other than a promise to marry, and that the defendant was guilty of a fraud in contracting or incurring the liability. So far as I can see, there is nothing in section 557, nor elsewhere in the Code, which requires that a complaint should accompany the affidavit, or be referred to in it.
This view is confirmed, if confirmation were necessary, by section 558, where it is provided that the order may be granted to accompany the summons, but that at any time after the filing or service of the complaint, the order must be *90 vacated, on motion, if the complaint fails to set forth a sufficient cause of action, as required by section 557. That is to say, an order of arrest may be granted under subdivision 4 of section 549, upon an affidavit setting forth facts, showing that a cause of action exists against the defendant under that subdivision, but the order must be vacated immediately upon the filing or service of the complaint, if a cause of action under the same subdivision is not therein set forth..
Upon the reason of the thing, I do not see that it is of any consequence to the defendant that the complaint should be presented with the affidavit when the order is granted, nor that it should then be in existence. Tire complaint must set forth facts showing the fraud, and the plaintiff cannot recover unless the fraud is proved upon the trial; and, as above stated, the order must be vacated at once if the complaint, when filed or served, does not contain a complete cause of action under said subdivision 4.
Upon the merits of this case, as the affidavits are conflicting, the issue of fraud cannot be properly disposed of by the judge at chambers upon ex parte- statements, but must be tried with the other issues in the action.
Motion denied, with ten dollars costs.